IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALEJANDRO VAZQUEZ-BONILLA,<br><br>　　　　Defendant. | No. CR 09-0042<br><br>REPORT AND RECOMMENDATION |

**TABLE OF CONTENTS**

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . 2

III.  ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　　A.   *Plea Agreement.* . . . . . . . . . . . . . . . . . . . . . . . 4
　　　B.   *Plea Hearing.* . . . . . . . . . . . . . . . . . . . . . . . . 5

V.    DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
　　　A.   Has Defendant Shown that He Signed the Plea Agreement Against
　　　　　 His Will?. . . . . . . . . . . . . . . . . . . . . . . . . . . 10
　　　B.   Has Defendant Shown the Government has Breached the Plea
　　　　　 Agreement?. . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VII.  RECOMMENDATION. . . . . . . . . . . . . . . . . . . . . . . . . . 14

*I. INTRODUCTION*

On the 11th day of February 2010, this matter came on for hearing on the Motion to Withdraw Guilty Plea (docket number 52) filed by the Defendant on February 3, 2010. The Government was represented by Assistant United States Attorney Richard L. Murphy.

Defendant Alejandro Vazquez-Bonilla appeared personally and was represented by his attorney, Mark C. Meyer. Due to its length, the hearing could not be completed on February 11. The hearing continued on February 16, with Defendant and both counsel present.

## II. PROCEDURAL HISTORY

On June 23, 2009, Defendant was charged by Criminal Complaint with knowingly making a false claim that he was a citizen of the United States, with the intent to engage unlawfully in employment in the United States, in violation of 18 U.S.C. § 1015(e). *See United States v. Alejandro Bonilla-Vazquez*, No. 1:09-mj-00163-JSS (N.D. Ia.). At his initial appearance on June 24, the Federal Defender's Office was appointed to represent Defendant. Defendant subsequently retained attorney Alfred E. Willett to represent him, and Mr. Willett entered his appearance on June 29.

On July 10, 2009, Defendant was charged by Indictment (docket number 2) in four counts: fraud or misuse of documents (Count 1); fraud or misuse of documents to obtain employment (Count 2); false claim of United States citizenship to obtain employment (Count 3); and aggravated identity theft (Count 4). At his arraignment on July 15, Defendant entered a plea of not guilty and trial was scheduled for September 8, 2009.

On August 18, however, Defendant filed a Notice of Intent to Plead Guilty. *See* docket number 9. On August 20, Defendant appeared before the undersigned Magistrate Judge and entered a plea of guilty to Counts 1 and 4 of the Indictment. On the same date, the Court filed a Report and Recommendation, recommending that the district court accept Defendant's guilty plea. Defendant did not file any objection to the recommendation, and on September 4, 2009, Chief Judge Linda R. Reade filed an Order accepting Defendant's guilty plea.

Also on September 4, 2009, Defendant mailed a letter to the undersigned Magistrate Judge, dated September 3, 2009. *See* docket number 18. The letter was in Spanish, however, and it took some time for the Court to have it translated. After determining that

Defendant was seeking court-appointed counsel, the Court set the request for hearing on October 1, 2009. At the time of hearing, however, Defendant advised the Court that he was no longer seeking to discharge Mr. Willett and, therefore, the motion for court-appointed counsel was denied as moot.

On November 19, 2009, Defendant filed a second motion to dismiss his attorney and request court-appointed counsel.[1] Defendant asserted, among other things, that Mr. Willett "pressur[ed] defendant into agreements and signing documents that the defendant did not understand." Defendant's motion was set for hearing on November 25, 2009. At that time, Mr. Willett was permitted to withdraw and attorney Mark C. Meyer was appointed to represent Defendant at public expense.

On December 3, 2009, a draft copy of the presentence investigation report was provided to counsel. At Mr. Meyer's request, the deadline for filing objections to the draft report was extended to December 28, 2009. On that date, Mr. Meyer filed a response to the draft report.

On January 5, 2010, Defendant filed a *pro se* "Motion to Void Cooperation Agreement and Plea Agreement; and Motion to Dismiss All Counts." *See* docket number 35. On January 12, the final presentence investigation report was filed, and the Court subsequently scheduled sentencing for February 10, 2010. The Court also denied, without prejudice, Defendant's *pro se* motion for the reason that it will not consider *pro se* motions filed by defendants represented by counsel.

On January 25, Defendant filed a *pro se* "Motion to Dismiss Counsel, Motion for New Court Appointed Counsel, Motion to Void the Present Cooperation and Plea

---

[1] This time, Defendant's motion was written in English. At the recent hearing, the Court inquired regarding Defendant's ability to read and understand English. Defendant advised the Court that the motion was prepared by another inmate at the Linn County Correctional Center. Defendant demonstrated that he is able to read English, however, and told the Court that he understood the basic information contained in the documents filed by him *pro se*.

3

Agreements, and Motion to Investigate Prosecutorial Corruption." *See* docket number 42. Defendant's request for new counsel was set for hearing at the same time as the sentencing on February 10.

On February 3, Defendant (acting through counsel) filed the instant motion to withdraw guilty plea. The sentencing scheduled on February 10 was cancelled, and the motion was referred to the undersigned Magistrate Judge for a report and recommendation. The Court set the matter for hearing on February 11. Also set for hearing on February 11 was Defendant's *pro se* motion for new court-appointed counsel. At the time of hearing, however, Defendant advised the Court that he was satisfied with Mr. Myer's representation and, therefore, was withdrawing his motion for new counsel.

### III. ISSUE PRESENTED

The issue presented is whether Defendant has shown a fair and just reason to permit the withdrawal of his guilty plea.

### IV. RELEVANT FACTS

#### A. Plea Agreement

Defendant claims that he signed the plea agreement "against his will." At the instant hearing, Defendant testified that Mr. Willett "did not explain to me clearly the terms" of the plea agreement, that he had "very little time to look" at the plea agreement, and that Mr. Willett "did everything very quickly." According to Defendant, "I really didn't get what was going on" with the plea agreement. Defendant also asserts that the interpreter being used by Mr. Willett was not competent.[2]

---

[2] It should be noted that at all Court proceedings, an interpreter has been used. Defendant acknowledged, however, that he understands some English and, in fact, met with Mr. Meyer on the first two occasions without an interpreter. Defendant testified that "I understand [English] in general terms like you said but when it is more than conversation I really don't understand legal terms." At the time of hearing, Defendant also demonstrated an ability to read English.

4

Mr. Willett testified at the instant hearing and denied Defendant's allegations. According to Mr. Willett, he initially met with Defendant for two-and-a-half hours to discuss the plea agreement. On the next day, Mr. Willett met with Defendant for another hour, following which time Defendant signed and initialed the agreement. Mr. Willett was accompanied by an interpreter on both occasions, and testified that there was "no question" that Defendant was able to understand the plea agreement.

At the instant hearing, Defendant testified that in seeking to withdraw his guilty plea, his "main motive" is the failure to get a satisfactory answer regarding the application of the *Flores-Figueroa* case to his circumstances.[3] Mr. Willett testified that he discussed *Flores-Figueroa* with Defendant, but concluded that it did not provide Defendant with a defense, since Defendant admitted that he knew that the social security number unlawfully used by him belonged to another actual person. Defendant testified that a trial on the aggravated identity theft charge "would be the main reason" he is seeking to withdraw his guilty plea, although he admitted that he is "not sure if it applies."

## B. Plea Hearing

Defendant signed the plea agreement on August 18, 2009. The plea change hearing was held on August 20, 2009. According to Defendant, his wife was in an adjoining holding cell at the courthouse when he arrived.[4] Defendant testified that "[i]t had been three-and-a-half months since I had talked to her for the last time and I couldn't see her nor could she see me but she was crying and I was also crying." According to Defendant,

---

[3] On May 4, 2009, the United States Supreme Court held that in order to convict a defendant of aggravated identity theft, the government must prove that the defendant knew that the "means of identification" which he unlawfully used did, in fact, belong to another person. *See Flores-Figueroa v. United States*, ____ U.S. ____, 129 S. Ct. 1886 (2009).

[4] Defendant's wife was charged separately with multiple counts of fraud and misuse of documents. *See United States v. Rosalva Torres-Galvan*, No. 1:09-cr-00053-LRR (N.D. Ia). Ms. Torres-Galvan appeared for her arraignment on August 20, 2009.

5

Mr. Willett "called me aside" and told him that his wife could spend six or seven years in federal prison and that his wife's attorney was not capable of representing her in federal court.[5] Defendant also claims that Mr. Willett told him that his 13-year-old son could be arrested and deported if ICE agents found out he is not an American citizen. Defendant testified that he was then taken back to the cell, where he talked briefly with his wife, and was then brought to the courtroom for his guilty plea.

Mr. Willett acknowledged that he and his interpreter met with Defendant prior to the plea hearing on August 20, 2009. According to Mr. Willett, he met with Defendant to explain the guilty plea proceeding. Mr. Willett denied making any "threats or warnings" about Defendant's wife or son at that time.

At the guilty plea hearing, the Court asked Defendant whether he was "generally satisfied with the representation of your attorney?" Defendant responded: "Yes, sir."[6] The Court then advised Defendant of his rights, and Defendant told the Court that he understood his rights. A factual basis was then established for Defendant's guilty plea to fraud or misuse of documents (Count 1) and aggravated identity theft (Count 4). Defendant admitted that he received a social security card from a third person and then unlawfully obtained a driver's license.[7] Defendant then admitted that he "supposed" that the social security number belonged to a real person:

> THE COURT: Did you know that there was a real other person named Urberto Rivera-Ortiz that this social security number belonged to?
> DEFENDANT VAZQUEZ-BONILLA: When Mr. Bueno sold them to me, I supposed that was the case.

---

[5] Ms. Torres-Galvan eventually pleaded guilty to three fraud-related charges and was sentenced to one year and one day, pursuant to a Rule 11(c)(1)(C) plea agreement.

[6] *See* Transcript of Plea Hearing, at 7:21-23 (docket number 40 at 7).

[7] *Id.* at 13:2-13 (docket number 40 at 13).

> THE COURT: And by that, you mean you supposed that this really belonged to a real person called Urberto Rivera-Ortiz; am I correct?
> DEFENDANT VAZQUEZ-BONILLA: Yes, sir.
> THE COURT: Did you have Mr. Ortiz's permission or authority to use his social security account number?
> DEFENDANT VAZQUEZ-BONILLA: No, sir.
> THE COURT: And did you knowingly use his social security account number to obtain the driver's license?
> DEFENDANT VAZQUEZ-BONILLA: Yes, sir.

*Id.* at 15:3-17 (docket number 40 at 15).

The Government then offered Exhibit 1, which is the plea agreement entered into between the parties. Defendant acknowledged signing the agreement. The Court then inquired regarding his review of the agreement:

> THE COURT: Did Mr. Willett review this document with you in detail before you signed it?
> DEFENDANT VAZQUEZ-BONILLA: Yes, sir.
> THE COURT: And I see the signature of the interpreter on the document as well and he's also here in the courtroom this morning. Was this document translated into Spanish for you before you signed it?
> DEFENDANT VAZQUEZ-BONILLA: Yes, Sir.
> THE COURT: Do you believe that you understand all of the information on Government's Exhibit 1?
> DEFENDANT VAZQUEZ-BONILLA: Yes, sir.
> THE COURT: Do you have -- do you have any questions about any part of the agreement that was reached between yourself and the Government in this case?
> DEFENDANT VAZQUEZ-BONILLA: No, sir, I have no questions.

*Id.* at 16:11-17:1 (docket number 40 at 16, 17).

Defendant then confirmed that the allegations set forth in the "Stipulation of Facts" found at paragraph 14 of the plea agreement were "true and correct."[8] Among other things, Defendant admitted in the Stipulation of Facts that he falsely claimed to be Urberto

---

[8] *Id.* at 17:11-14 (docket number 40 at 17).

7

Rivera-Ortiz when applying for an Iowa non-driver identification card, by presenting a certified copy of the birth certificate and social security number issued to Mr. Rivera-Ortiz. Defendant also admitted in the Stipulation of Facts that he "knew, understood, and was otherwise aware that it was highly probable that the means of identification, including the name, date of birth, and social security number he used for purposes outlined above were those of another actual person."[9]

In the signed plea agreement, Defendant acknowledged that he "has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions."[10] The plea agreement signed by Defendant also states: "Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation."[11]

At the plea hearing, Defendant denied that anyone had "forced or pressured you to plead guilty."[12] Before Defendant finalized his guilty plea, the Court again inquired as to whether he understood all of his rights:

> THE COURT: Mr. Vazquez-Bonilla, we're talked about a lot of things this morning and I know it's made more difficult by the fact that it gets translated from one language to another, but I want to make sure that you understand everything that we've talked about. Do you have any questions about any of the things we've talked about?
> DEFENDANT VAZQUEZ-BONILLA: No, sir.
> THE COURT: Do you believe that you understand everything that we've talked about here this morning?
> DEFENDANT VAZQUEZ-BONILLA: Yes, for the most part I have understood it.

---

[9] See Plea Agreement, ¶ 14(I) (docket number 13-1 at 6).

[10] Id. at ¶ 37 (docket number 13-1 at 14).

[11] Id.

[12] See Transcript of Plea Hearing, at 25:24-26:2 (docket number 40 at 25, 26).

8

> THE COURT Is there anything you're confused about? I'm happy to explain something over again if there's something that you're not comfortable with or that you have questions about. Do you have any question?
> DEFENDANT VAZQUEZ-BONILLA: No, sir.
> THE COURT: Is it still your intention to plead guilty?
> DEFENDANT VAZQUEZ-BONILLA: Yes, sir.

See Transcript of Plea Hearing at 26:18-27:12 (docket number 40 at 26, 27).

## V. DISCUSSION

Before the Court accepts a defendant's guilty plea, the defendant may withdraw the plea "for any reason or no reason." FED. R. CRIM. P. 11(d)(1). After his guilty plea has been accepted by the Court, however, a defendant's right to withdraw his guilty plea is limited. In that case, a defendant must show a "fair and just reason" for requesting the withdrawal.

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:
>
> . . .
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
> . . .
>
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d)(2)(B). See also *United States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) ("A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates "'a fair and just reason' for the withdrawal.'" (quoting *United States v. Mugan* 441 F.3d 622, 630 (8th Cir. 2006)).

In the brief attached to his motion to withdraw guilty plea, Defendant asserts two reasons why he believes he should be permitted to withdraw his guilty plea. First, Defendant claims that "he signed the plea agreement against his will."[13] Second,

---

[13] Defendant also claims that Mr. Willett "provided him with ineffective assistance of counsel." That argument would seem to be related, however, to his claim that he
(continued...)

9

Defendant believes that "he obtained no benefit from the cooperation part of his plea agreement, and this is a reason to set aside his plea, on what appears to be a breach of contract type theory."[14]

### A. Has Defendant Shown that He Signed the Plea Agreement Against His Will?

In order to be constitutionally valid, "a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). FEDERAL RULE OF CRIMINAL PROCEDURE 11 requires a court which takes a guilty plea to conduct a colloquy with the defendant to ensure that the district court only accepts a knowing, voluntary, and intelligent guilty plea. *Id.* Defendant does not claim that he was not fully advised of his rights at the guilty plea proceeding on August 20, 2009, or that the Court failed to fully comply with FEDERAL RULE OF CRIMINAL PROCEDURE 11(b). Rather, Defendant claims his plea was not voluntary because Mr. Willett did not fully explain the plea agreement and because Mr. Willett pressured him into pleading guilty.

After his guilty plea has been accepted by the Court, a defendant may only withdraw his guilty plea if he can show "a fair and just reason" for the withdrawal. *See Maxwell*, 498 F.3d at 800. "The 'fair and just' standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)). The defendant bears the burden in this regard. *Smith*, 422 F.3d at 723-24. "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).

While a defense counsel's deficient performance may establish a "fair and just reason" to permit withdrawal of a guilty plea, *United States v. McMullen*, 86 F.3d 135, 137 (8th Cir. 1996), the Court believes that Defendant has failed to meet his burden of

---

[13](...continued)
signed the plea agreement against his will.

[14] *See* Defendant's Brief at 3 (docket number 52-1 at 3).

proof here. Mr. Willett met with Defendant for three-and-a-half hours over a two-day period to discuss the plea agreement. Both Mr. Willett and Defendant were familiar with the *Flores-Figueroa* decision which had been filed some five months earlier. Mr. Willett concluded, however, that *Flores-Figueroa* does not aid Defendant in this case, since Defendant had knowledge that the social security number unlawfully used by him belonged to another actual person.[15]

At the plea change hearing, Defendant advised the Court – under oath – that he was satisfied with Mr. Willett's representation.[16] Defendant acknowledged that Mr. Willett had reviewed the plea agreement with him "in detail" before he signed it. Despite being given multiple opportunities, Defendant told the Court that he had no questions regarding the agreement and it was still his intention to plead guilty. There is no credible evidence that Defendant was coerced into accepting the plea agreement, or that he is actually innocent of the charges to which he pleaded guilty. *See United States v. Gamble*, 327 F.3d 662, 663-64 (8th Cir. 2003).

All defendants presumably "struggle with the issue of whether to plead guilty or to take their chances at trial." *United States v. Swick*, 262 F.3d 684, 686-87 (8th Cir. 2001). Simply changing one's mind does not, however, constitute "a fair and just reason" for withdrawing a guilty plea. *United States v. Gottlieb*, 849 F.2d 359, 360 (8th Cir. 1988)

---

[15] At the plea hearing, Defendant told the Court that he "supposed" that the social security number belonged to a real person. In the Stipulation of Facts contained in his plea agreement, Defendant admitted that it was "highly probable" that the name, date of birth, and social security number were those of another actual person. At the instant hearing, Mr. Willett testified that it was his memory that Defendant "realized that the identity belonged to another person." Furthermore, Special Agent Christopher Cantrell of Immigration and Customs Enforcement ("ICE") testified that during a "proffer," Defendant stated that he paid more for the documents because "he knew they were real documents."

[16] Defendant asserts that prior to the plea hearing he was instructed by Mr. Willett to answer "yes" to all questions asked by the Court. Mr. Willett denies that assertion.

("The plea of guilty is a solemn oath not to be disregarded because of belated misgivings about the wisdom of the same.").

The Court believes that the evidence presented by Defendant falls short of demonstrating that he was pressured or coerced into pleading guilty. Defendant had ample opportunity to discuss the plea agreement with counsel, the Court addressed Defendant regarding the voluntariness of his plea, and there is adequate evidence to support a factual basis for Defendant's guilty pleas.[17] "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *Morrison*, 967 F.2d at 268 (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).

### B. Has Defendant Shown the Government has Breached the Plea Agreement?

The second "fair and just reason" for being permitted to withdraw his guilty plea, as asserted by Defendant in his brief, is a general allegation that "he obtained no benefit from the cooperation part of his plea agreement." Defendant does not provide any facts or authority in support of his claim, however, and the Court is left to speculate regarding the nature of his argument. In its resistance to Defendant's motion, the Government

---

[17] As noted above, Defendant previously admitted (1) to Mr. Willett, (2) to Special Agent Cantrell, (3) in his plea agreement, and (4) to the Court at the plea hearing, that the stolen identification belonged to another actual person. At the instant hearing, Defendant's statements in that regard were equivocal. At one point, Defendant testified that the man who sold him the social security number told him it belonged to a real person. Defendant also testified that he "wasn't sure if that was a real person or not." On redirect examination by his attorney, however, Defendant testified as follows:
> QUESTION: So Mr. Vasquez, did you actually have knowledge that this social security card belonged to a real person?
> ANSWER: No, sir. I had no knowledge of it. I, because I don't know anybody by that name. I have never known anybody by that name. I have never even heard talk of anybody by that name.

interprets Defendant's claim as an assertion that the Government breached the plea agreement.

Noting that Defendant's allegation would appear to be premature because he has not yet been sentenced, the Government acknowledges in its resistance that "it is unlikely the government will make a substantial assistance departure motion."[18] According to the Government, "[n]ot only has defendant's information not borne fruit, but defendant's credibility and future usefulness as a witness is now at issue, given some of the unfounded allegations made in defendant's multiple pro se filings."[19] Finally, the Government points out that the plea agreement "vests complete discretion in the government to decide whether or now to use any assistance offered by defendant; or whether to even make a motion, regardless of whether defendant has provided 'substantial assistance.'"[20] Mr. Willett testified that he advised Defendant that "if his cooperation was successful he had the opportunity to hopefully receive a reduced sentence."

In short, Defendant has not shown any breach of the plea agreement by the Government, nor has he met his burden of establishing "a fair and just reason" why he should be permitted to withdraw his guilty plea in this regard.

## VI. CONCLUSION

The Court believes that Defendant has failed to meet his burden of demonstrating "a fair and just reason" for the withdrawal of his guilty plea. *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006). Accordingly, Defendant's motion to withdraw his guilty plea should be denied. Even if "a fair and just reason" had been established by Defendant, however, the motion should still be denied because Defendant does not assert legal innocence of the charges. *United States v. Teeter*, 561 F.3d 768, 770 (8th Cir.

---

[18] *See* Government's Resistance at 14 (docket number 56 at 14).

[19] *Id.*

[20] *Id.*

2009). In his plea agreement and again at the plea change hearing, Defendant admitted that he "knew" or "supposed" that the social security number belonged to an actual other person. Defendant made even more explicit admissions to Mr. Willett and Special Agent Cantrell. Defendant's equivocal statements at the instant hearing are unavailing. Accordingly, *Flores-Figueroa* does not provide Defendant with a defense.

### *VII. RECOMMENDATION*

For the reasons set forth above, I respectfully recommend that the Court **DENY** the Motion to Withdraw Guilty Plea (docket number 52) filed by the Defendant on February 3, 2010.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the District Court. *Defendant is reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if Defendant is going to object to this Report and Recommendation, he must promptly order a transcript of the hearing held on February 11, 2010.*

DATED this 22nd day of February, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA