# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-CR-42-LRR |
| vs. | **ORDER** |
| ALEJANDRO VAZQUEZ-BONILLA, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Alejandro Vazquez-Bonilla's Objections ("Objections") (docket no. 62) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 61). In the Report and Recommendation, Judge Scoles recommends that the undersigned deny Defendant's "Motion to Withdraw Guilty Plea" ("Motion") (docket no. 52).

## II. RELEVANT PROCEDURAL HISTORY

On July 9, 2010, a grand jury returned a four-count Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with Fraud or Misuse of Documents, in violation of 18 U.S.C. § 1546(a). Count 2 charged Defendant with Fraud or Misuse of Documents to Obtain Employment, in violation of 18 U.S.C. § 1546(b)(1). Count 3 charged Defendant with Making a False Claim of United States Citizenship to Obtain Employment, in violation of 19 U.S.C. § 1015(e). Count 4 charged Defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028(a)(1).

On July 15, 2009, Defendant appeared with Attorney Alfred E. Willett before Judge Scoles for an initial appearance and arraignment. Defendant pled not guilty to all Counts. On August 20, 2009, Defendant appeared before Judge Scoles and pled guilty to Counts 1 and 4 of the Indictment. That same date, Judge Scoles filed a Report and

Recommendation (docket no. 14) in which he recommended that the undersigned accept Defendant's guilty pleas. On September 4, 2009, the undersigned accepted Defendant's guilty pleas (docket no. 17).

On September 3, 2009, Defendant authored a letter to Judge Scoles, in which he moved for new counsel ("Motion for New Counsel") (docket no. 18). On October 1, 2009, Judge Scoles held a hearing on the Motion for New Counsel. At the hearing, Defendant advised Judge Scoles that he was satisfied with Mr. Willet's representation. Accordingly, Judge Scoles denied the Motion for New Counsel as moot.

On November 19, 2009, Defendant filed a "Motion to Dismiss Defense Counsel and Request for Court Appointed Counsel" ("Motion to Dismiss Counsel") (docket no. 21). On November 25, 2009, Judge Scoles held a hearing on the Motion to Dismiss Counsel. That same date, Judge Scoles issued an Order (Docket no. 24) in which he granted the Motion to Dismiss Counsel. On December 2, 2009, Attorney Mark C. Meyer was appointed to represent Defendant.

On January 5, 2010, Defendant filed a pro se "Motion to Void Cooperation Agreement and Plea Agreement; and Motion to Dismiss all Counts" ("Motion to Withdraw Plea and Dismiss") (docket no. 35). On January 14, 2010, the undersigned entered an Order (docket no. 39) denying the Motion to Withdraw Plea and Dismiss, on the ground that Defendant was not entitled to hybrid representation.

On January 25, 2010, Defendant filed a pro se "Motion to Dismiss Counsel, Motion for New Court Appointed Counsel, Motion to Void the Present Cooperation and Plea Agreements and Motion to Investigate Prosecutorial Corruption" ("Renewed Motion for New Counsel") (docket no. 42). On the same date, Defendant's counsel filed a "Request for Hearing" (docket no. 43) on the Renewed Motion for New Counsel. On January 26, 2010, the undersigned entered an Order (docket no. 46) granting Defendant's Request for

Hearing. In the Order, the undersigned indicated that the Motion for New Counsel would be addressed at Defendant's sentencing hearing.

On February 2, 2010, Defendant filed a "Request for Leave to File Motion to Withdraw Guilty Plea" ("Request for Leave") (docket no. 49). On February 3, 2010, the undersigned entered an Order (docket no. 51) granting the Request for Leave. Also on February 3, 2010, Defendant filed the Motion.

On February 11 and 16, 2010, Judge Scoles held a hearing ("Hearing") on the Motion and on the Renewed Motion for New Counsel. At the Hearing, Defendant withdrew the Renewed Motion for New Counsel. On February 22, 2010, Judge Scoles filed the Report and Recommendation. On March 8, 2010, Defendant filed his Objections. On the same date, the government filed a Response (docket no. 64) to the Report and Recommendation. On March 9, 2010, the government filed a Supplement (docket no. 68) to its Response.

### III. STANDARD OF REVIEW

When a party properly objects to a magistrate judge's report and recommendation, the court must conduct a de novo determination of the portions of the report, findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *see also United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that de novo review is required); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)); Fed. R. Crim. P. 59(b)(3) (stating that "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

*IV. ANALYSIS*

Defendant objects to the Report and Recommendations's conclusion that the Motion should be denied. He offers five reasons in support of the Motion: (1) "the language barrier," (2) Defendant's emotional state at the plea hearing, (3) counsel's statement concerning the deportation of Defendant's son, (4) Defendant's facial pain and (5) "bad advice about whether there is a factual basis for his plea to the [Aggravated Identity Theft Count]." Objections at 1-3. The court addresses each of these reasons, in turn.

*A. "The Language Barrier"*

Defendant argues that he should be permitted to withdraw his guilty plea, because "[t]he guilty plea was written in English, and Mr. Willett's legal advice regarding entering the plea was given in English, but these were interpreted in a manner that appears to have confused or misled [Defendant]." Objections at 2. The court finds that this alleged language barrier does not represent a fair and just reason to withdraw Defendant's guilty plea.

Mr. Willett testified at the Hearing that Enrique Oyarzu, an interpreter, assisted him in his discussions with Defendant regarding the plea agreement. Mr. Willett testified that he regularly seeks Mr. Oyarzu's assistance in criminal matters and that he has "never had a problem and [has] used him in cases prior to [Defendant's]." Hearing Transcript ("Tr.") (docket no. 66), Vol. II, at 84. Additionally, Mr. Willett testified that he spent 2.6 hours with Defendant discussing the plea agreement. He described this discussion as a "detailed, painstaking process of going through it as opposed to a summary or a gist." *Id.* at 78.

Defendant fails to provide evidence that the language barrier constitutes a "fair and just reason" to withdraw his guilty plea. Fed. R. Crim. Pr. 11(d)(2)(B). The evidence introduced at the Hearing indicates that Defendant's attorney specifically took measures to ensure Defendant's understanding of the plea agreement. Accordingly, the court

overrules the Objections to the extent they argue that the language barrier constitutes a fair and just reason to permit Defendant to withdraw his guilty plea.

### B. *Defendant's Emotional State*

Defendant argues that he should be able to withdraw his plea, because he was emotional at the time of the plea hearing. The court agrees with Judge Scoles's analysis. Defendant did not show that he signed the plea agreement against his will. To the extent that Defendant's Objections claim that his emotional state prevented him from entering a knowing and voluntary guilty plea, the court overrules the Objections.

### C. *Counsel's Statement Regarding Deportation of Defendant's Son*

Defendant argues that he should be able to withdraw his guilty plea, because Mr. Willet "made statements about his son being deported, and [Defendant] thought that this implied some sort of a warning about adverse consequences of not entering a plea." Objections at 3. Again, the court agrees with Judge Scoles's analysis of this issue. The evidence introduced at the plea hearing shows that Defendant was not "pressured or coerced into pleading guilty." Report and Recommendation at 12. Additionally, as observed by Judge Scoles, "Defendant had ample opportunity to discuss the plea agreement with counsel [and] the court addressed Defendant regarding the voluntariness of his guilty plea." *Id*. At the plea hearing, Defendant did not alert the court to the assertion he now makes. Defendant also did not imply that his plea was involuntary. In fact, when asked whether "anyone forced or pressured [him] to plead guilty or made any promises to get [him] to plead guilty[,]" Defendant responded "No, sir." Plea Hearing Transcript ("Plea Tr.") (Docket no. 40), at 25-26. Accordingly, the court overrules the Objections to the extent they claim counsel's statement regarding Defendant's son rendered Defendant's guilty plea involuntary.

## D. Defendant's Facial Pain

Defendant argues that he should be able to withdraw his guilty plea, because he "was suffering from a painful and distracting medical condition involving his face that required treatment immediately following the plea." Objections at 3. Defendant has failed to show that his facial condition interfered with the voluntariness of his guilty plea. When asked if he knew of "any . . . reason why [he] might have difficulty understanding [the plea hearing] proceedings[,]" Defendant responded, "No, sir." Plea Tr. at 5. Additionally, Mr. Willett was aware of Defendant's facial condition prior to the plea hearing, yet when asked if there was any reason "to believe that [Defendant] is not competent to enter a guilty plea[,]" he responded "None[.]" *Id*. Accordingly, the court overrules the Objections to the extent they claim Defendant's facial condition should allow him to withdraw his guilty plea.

## E. Aggravated Identity Theft Count

Defendant argues that he is actually innocent of the Aggravated Identity Theft Count. In his letters to the court and in the Objections, Defendant asserts that he is not guilty of the Aggravated Identity Theft Count, pursuant to *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009). Aggravated Identity Theft occurs when a person "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). In *Flores-Figueroa*, the Supreme Court held that the word "knowingly" modifies the phrase "of another person," and therefore requires that the government prove that a defendant charged with Aggravated Identity Theft knew that the means of identification belonged to another person. 129 S. Ct. 1886, 1894 (2009).

Judge Scoles throughly addressed this issue in the Report and Recommendation and concluded that Defendant's claim lacked merit. The court agrees with Judge Scoles. Defendant "previously admitted (1) to Mr. Willett, (2) to Special Agent Cantrell, (3) in

his plea agreement, and (4) to the court at the plea hearing, that the stolen identification belonged to another actual person." Report and Recommendation at 12. In its response to the Report and Recommendation, the government identifies another instance in which Defendant admitted his guilt. At the Hearing, Defendant admitted that the person who sold him the identification told him that the social security number belonged to an actual person. The court finds numerous facts, including Defendant's own admissions, support Defendant's guilty plea to the Aggravated Identity Theft Count. Accordingly, the court overrules the Objections to the extent they claim Defendant should be allowed to withdraw his guilty plea based on *Flores-Figueroa*.

## V. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 62) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 61) is **ADOPTED**; and

(3) The Motion (docket no. 52) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 29th day of March, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA